UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| PAMELA SUE DESIR, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | No. 1:25-cv-00481-JRS-MG |
| | ) | |
| U.S. BANK TRUST NATIONAL | ) | |
| ASSOCIATION, as owner trustee of RCAF | ) | |
| Acquisition Trust, | ) | |
| | ) | |
| Appellee. | ) | |

**Order Dismissing Appeal**

Appellant Pamela Sue Desir, proceeding *pro se*, appeals from several orders issued by the bankruptcy court in her now-dismissed Chapter 13 bankruptcy case. *See* Cause Nos. 1:25-cv-482-JRS-MKK; 1:25-cv-764-JRS-CSW; 1:25-cv-765-JRS-MG, 1:25-cv-828-JRS-TAB. Here, Desir appeals from the bankruptcy court's orders granting Appellee U.S. Bank's[1] motion for relief from the automatic stay and denying Desir's motion for reconsideration of the same. (Notice Appeal, ECF No. 1.) For the following reasons, Desir's appeal is **dismissed as moot**.

### I. Background

Desir, proceeding *pro se* before the bankruptcy court, filed a voluntary petition for Chapter 13 bankruptcy in September 2024. (*See* Docket 1, ECF No. 9.) U.S. Bank

---

[1] The original Appellee in this case was Select Portfolio Servicing, Inc., ("SPS"). SPS was later substituted for U.S. Bank National Trust Association, as owner trustee for RCAF Acquisition Trust, ("U.S. Bank"). (*See* Order, ECF No. 26.) The Court will refer to SPS as U.S. Bank throughout this Order.

filed a Proof of Claim, which identified its secured claim of $116,822.97 relating to a mortgage on one of Desir's real properties. (Mot. Relief Stay, ECF No. 9-1 at 13.) Desir objected to U.S. Bank's claim. (*See* Docket 8, 13, ECF No. 9.) U.S. Bank sought relief under 11 U.S.C. § 362(d)(1)–(2) from the automatic stay of collection actions against Desir to foreclose on the real property because Desir failed to pay U.S. Bank any required mortgage payment since filing her bankruptcy petition. (Mot. Relief Stay, ECF No. 9-1 at 13–14.)

Desir objected to U.S. Bank's motion for several reasons. (Obj., ECF No. 9-1 at 52–57.) For example, Desir argued that lifting the stay was improper because the bankruptcy court had not yet resolved her objection to U.S. Bank's claim; U.S. Bank's motion was premised on "[f]abrication and [i]rregularities"; she would be prejudiced; and lifting the stay would violate her constitutional due process rights. (*Id.* at 52–55.)

The bankruptcy court held a hearing on January 28, 2025, to address, among other issues, U.S. Bank's motion for relief from the automatic stay. (*See, e.g.*, Notice Hr'g, ECF No. 9-1 at 50; Jan. 28 Tr., ECF No. 10.) The bankruptcy court explained that Desir was required to make mortgage payments to U.S. Bank and ordered her to do so by February 10, 2025. (Jan. 28 Tr. 7:25–8:3, ECF No. 10.) The bankruptcy court warned Desir that if she failed to do so, the court would likely grant U.S. Bank's motion for relief from the automatic stay. (*Id.* 9:19–22.) The bankruptcy court set a hearing for February 11, 2025, to determine whether Desir paid U.S. Bank as required. (*Id.*)

Also on January 28, 2025, the bankruptcy trustee ("Trustee") moved to dismiss Desir's bankruptcy case because Desir failed to make required monthly payments to the Trustee. (Trustee's Mot. Dismiss, ECF No. 9-1 at 74–75.) The motion to dismiss included a notice of objection deadline, which provided that "any objection to this motion must be filed with the [Bankruptcy Court within twenty-one (21) days." (*Id.* at 74.) The notice further stated that "[i]f no objection is timely filed, an order may be entered by the [Bankruptcy] Court for the relief requested." (*Id.*)

On February 11, 2025, the bankruptcy court held another hearing to determine whether Desir paid U.S. Bank as ordered. (*See* Feb. 11 Tr., ECF No. 11.) She had not. (*Id.* 3:3–7.) Desir explained that she did not pay U.S. Bank because she contests the validity of its claim. (*See id.* 2:18–22.) The bankruptcy court stated that it would not determine the validity of U.S. Bank's claim and advised Desir to litigate validity in the state court foreclosure proceedings. (*Id.* 2:23–3:2.) Since Desir had not paid U.S. Bank as ordered, the bankruptcy court lifted the stay and allowed U.S. Bank to foreclose on the real property. (*Id.* 3:8–11.) The bankruptcy court issued its ruling by separate order. (Order Granting U.S. Bank's Mot. Relief Stay, ECF No. 9-1 at 78–80.)

Desir timely filed a Motion for Reconsideration of the bankruptcy court's order granting U.S. Bank's motion for relief from the automatic stay and for an "Emergency Stay of Enforcement" pending the bankruptcy court's reconsideration. (Mot. Recons., ECF No. 9-1 at 82–87.) Desir argued that the bankruptcy court's failure to address her objection to U.S. Bank's claim resulted in procedural due process violations, legal

and procedural error, and substantial prejudice to Desir.    (*Id.* 82–83.)    The bankruptcy court denied Desir's Motion for Reconsideration and "Emergency Stay of Enforcement" on February 26, 2025.  (Order Denying Mot. Recons., ECF No. 9-1 at 90–93.)  The bankruptcy court clarified that "stay relief is a distinct issue from whether [U.S. Bank] holds a valid claim," and Desir may raise her validity concerns in state court.  (*Id.* at 91.)  Here, Desir timely appeals from this order and from the underlying order granting U.S. Bank's motion for relief from the automatic stay. (Notice Appeal, ECF No. 1); *see also* Fed. R. Bankr. P. 8002(b)(1).

Looking back to the Trustee's pending Motion to Dismiss from January 28, 2025, Desir failed to object or otherwise respond to the Trustee's motion within twenty-one days.  Accordingly, the bankruptcy court dismissed Desir's bankruptcy case on March 5, 2025.  (Order Dismissing Case, ECF No. 9-1 at 94.)  Desir filed a Motion for Relief from Order of Dismissal, asserting that her bankruptcy case should be reopened because she caught up on the delinquent payments to the Trustee.  (Mot. Relief Order Dismissal, ECF No. 9-1 at 96–99.)  The bankruptcy court held a hearing, (Notice Hr'g, ECF No. 9-1 at 114–15), and denied Desir's motion for relief.  Desir appealed from the bankruptcy court's order denying her motion for relief from the dismissal of her bankruptcy case.  *See* Notice of Appeal, *Desir v. U.S. Bank et al.*, 1:25-cv-828-JRS-TAB (S.D. Ind. Apr. 30, 2025).  This Court affirmed the bankruptcy court's order. Order Affirming Bankruptcy Court's Order, *Desir v. U.S. Bank et al.*, 1:25-cv-828-JRS-TAB (S.D. Ind. Mar. 16, 2026) (ECF No. 23).

## II.    Jurisdiction & Standard of Review

Under 28 U.S.C. § 158(a), the Court has jurisdiction to review decisions of the bankruptcy court, including those from which Desir appeals here.  *See In re Boomgarden*, 780 F.2d 657, 659–60 (7th Cir. 1985) (holding that a bankruptcy court's order lifting an automatic stay as to a creditor's interest was an appealable order). The Court, exercising appellate jurisdiction over decisions of a bankruptcy court, remains limited by Article III of the United States Constitution to adjudicating only "actual controvers[ies]."  *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 90–91 (2013) (citation modified) ("We have repeatedly held that an actual controversy must exist . . . through all stages of the litigation.").  Accordingly, the Court lacks jurisdiction over an appeal that is now moot.  *See id.*  Therefore, "if, by virtue of an intervening event," the Court cannot grant Desir "any effectual relief," the Court must dismiss her appeal as moot.  *In re Repository Techs., Inc.*, 601 F.3d 710, 716–17 (7th Cir. 2010) (quoting *Calderon v. Moore*, 518 U.S. 149, 150 (1996)).

Generally, the Court reviews the bankruptcy court's legal conclusions de novo and its factual findings for clear error.  *In re Berman*, 629 F.3d 761, 766 (7th Cir. 2011). However, "[t]he bankruptcy court's grant of relief from [an] automatic stay is reviewed for an abuse of discretion."  *Colon v. Option One Mortg. Corp.*, 319 F.3d 912, 916 (7th Cir. 2003).

## III.    Analysis

Desir's appeal must be dismissed as moot.  *See In re Repository Techs., Inc.*, 601 F.3d at 716–17.  Desir contests the bankruptcy court's orders granting U.S. Bank's

5

motion for relief from the automatic stay and denying reconsideration of the same. In other words, Desir disputes whether the bankruptcy court properly lifted the automatic stay. However, a valid automatic stay requires a pending bankruptcy case, *see* 11 U.S.C. § 362(c)(2)(B), and Desir's bankruptcy case was dismissed since she filed this appeal. (*See* Order Dismissing Case, ECF No. 9-14 at 94–95.) Though Desir appealed from the bankruptcy court's order denying her relief from the dismissal, this Court recently affirmed that order. *See* Order Affirming Bankruptcy Court's Order, *Desir v. U.S. Bank et al.*, 1:25-cv-828-JRS-TAB (S.D. Ind. Mar. 16, 2026) (ECF No. 23).

Consequently, despite Desir's arguments to the contrary, there is no longer any case or controversy presented by this appeal because Desir's bankruptcy case has been dismissed. *See In re Stat. Tabulating Corp.*, 60 F.3d 1286, 1289–90 (7th Cir. 1995) (explaining that dismissal of bankruptcy case moots controversy over lifting the automatic stay because dismissal disposes of the basis for the stay); *In re Sykes*, 554 F. App'x 527, 528 (7th Cir. 2014) ("An unchallenged dismissal of a bankruptcy case moots a dispute about a stay because the stay, to be valid, requires a pending bankruptcy case."). In other words, there is no possible relief this Court could fashion for Desir on appeal—the bankruptcy court's orders lifting the automatic stay and denying Desir's motions for reconsideration are inoperable, as the automatic stay and the case no longer exist. *See* 11 U.S.C. § 362(c)(2)(B) (providing that the automatic stay terminates upon dismissal of the bankruptcy case).

6

## IV.    Conclusion

For the foregoing reasons, this appeal is **dismissed as moot**.

**SO ORDERED.**

Date: _____3/16/2026_____

JAMES R. SWEENEY II, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distribution:

PAMELA SUE DESIR
3563 Insignia Court
Indianapolis, IN 46214

Nathan Alexander Dewan
Doyle & Foutty, P.C.
ndewan@doylefoutty.com

Jessica S. Owens
DOYLE & FOUTTY PC
jowens@doylefoutty.com